Richard W. PETERSON, Respondent,

v.

Joseph E. STEINMAUS, et al., Appellants.

No. C1-86-554.

Court of Appeals of Minnesota.

Oct. 7, 1986.

694

John C. McDonald, Lawson, Raleigh & Marshall, Lake Elmo, for respondent.

Richard I. Diamond, Jonathon G. Lande, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, for appellants.

Heard, considered and decided by POPOVICH, C.J. and LANSING and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order denying appellants' motion for a new trial. Appellants claim the trial court erred in failing to grant them a jury trial. We reverse.

## FACTS

The underlying action for a recovery of money was venued in Ramsey County. Respondent's attorney apparently filed a court note of issue in Ramsey County but served appellants the note of issue designating venue in Washington County. Appellants' counsel then served and filed a jury note of issue also designating venue in Washington County.

At the pre-trial chambers hearing, a record was made regarding the note of issue mistake. Appellants claim they requested a jury trial at this time. The record indicates appellants' intention for a jury trial, but no formal request appears. The court stated the only note of issue on file in Ramsey County was a court note of issue from respondent's counsel. A court trial was ordered. The trial proceeded over appellants' objections, which were reiterated during arguments on the motion for a new trial.

## ISSUE

Did the trial court err in failing to grant appellants a jury trial?

## ANALYSIS

"The right of trial by jury shall remain inviolate * * *." Minn. Const. art. I, § 4. In actions for the recovery of money,

the issues of fact shall be tried by a jury, unless a jury trial be waived or a reference ordered.

Minn.R.Civ.P. 38.01. The manner of waiver is specified in rule 38.02:

(1) By failing to appear at the trial;

(2) By written consent, by the party or his attorney, filed with the clerk;

(3) By oral consent in open court, entered in the minutes.

*Id.*

Under the circumstances, we conclude appellant did not consent to waiver of a jury trial and should have been granted a new trial. *See Weber Electric Company v. Tuminelly, Inc.,* 296 Minn. 488, 206 N.W.2d 656 (1973) (per curiam). Our holding reflects an equitable concern for appellants' right to a jury trial despite counsel's failure to properly file the jury note of issue in the proper county. Appellants did serve respondent's counsel, who were aware of the jury trial request. We are also disturbed regarding counsel's minimum efforts in making an adequate record to preserve the issue on appeal. "Review cannot be made when we are left only hindsight recollection of past conversations." *Carlson v. Carlson,* 390 N.W.2d 780, 786 (Minn.Ct.App.1986).

## DECISION

The record indicates appellants did not waive their right to a jury in any manner specified under rule 38.02. The trial court erred in failing to grant a jury trial.

Reversed.